Dear Ms. Aubert:
We are in receipt of your request for an Attorney General's opinion regarding transportation of voters to the polls. Specifically, the council has passed a resolution seeking an Attorney General's opinion on the following question:
 Whether the use of Orleans Parish School Board busses, bearing language urging a `Yes' vote on the propositions on the July 15, 1995 ballot, to transport voters to the polls, violates Article 11, Section 4 of the Louisiana Constitution, Louisiana Revised Statute 18:1465, or any other law or regulation applicable to these facts?
As recently stated in our opinion to you on a similar election question, Opinion Number 96-63, specific violations of the election code are matters to be decided by a trier of fact.
LSA-R.S. 18:1465 provides:
 A. No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot.
 B. Whoever violates any provision of this Section shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both. On a second offense or any succeeding offense, the penalty shall be a fine of not more than one thousand dollars or imprisonment for not more than one year, or both.
LSA-Const. Art. XI, § 4 (1974) provides:
 Section 4. No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot.
Enclosed herein for your information and review is an earlier opinion from our office, Number 90-126A, which fully discusses the use of public funds as prohibited by the above quoted laws. We also refer you to the case of ConcernedBusiness and Property Owners of DeSoto, Inc. V. DeSotoParish School Bd., 528 So.2d 567 (La.App. 2 Cir. 1988), rev. on other grounds, 531 So.2d 436,reh. den., which held that any alleged misuse of public funds was a criminal matter and was to be addressed by criminal penalties.
As explained in Opinion Number 90-126A, "opinions of the Attorney General are conceptual; they cannot by their nature find facts, but only answer questions of law * * * Intent is a finding of fact, and that is beyond the authority of this opinion, which is restricted to questions of law. The power to find facts is a judicial and a quasi-judicial one, and the question of intent must be deferred to the appropriate district court and district attorney, respectively." Thus having been said, it is our opinion that a public entity, such as a school board, may not use public funds by way of using a public school bus to transport voters to the election polls. The law clearly prohibits the use of public funds for anything other than the dissemination of factual information relative to a proposition appearing on an election ballot.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/pb p:\arl\opinions\96-62.wpd Enclosures